IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSON OBIEGBU,
        Plaintiff
      v.                                 Case No. 3:13-cv-2-KRG-KAP
ROBERT WERLINGER, WARDEN, F.C.I.
LORETTO, et al.,
        Defendants

## Report and Recommendation

### Recommendation

Plaintiff's "Motion To Reconsider/Re-Open" at docket no. 44, see Fed.R.Civ.P. 59, was referred to me under 28 U.S.C.§ 636(b)(3). The motion should be denied.

### Report

Plaintiff's complaint was dismissed without prejudice under Fed.R.Civ.P. 4(m) for failure to make timely service. Plaintiff does not in his motion suggest an intervening change in controlling law and does not show the need to correct a clear error of law or prevent manifest injustice. Plaintiff does submit new evidence. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir.2013) (discussing three purposes of motion under Fed.R.Civ.P. 59).

Plaintiff's new evidence, however, is that after his complaint was dismissed as a sanction for failure to comply with Fed.R.Civ.P. 4 and this Court's notice under Rule 4(m), plaintiff made incomplete service on defendants Adams and Dignan by a process server. Plaintiff still has not made proper service on Adams and Dignan because under Rule 4(i)(3) plaintiff must have served the United States under Rule 4(i)(1) as well. Plaintiff further asks

the court to excuse his total failure to serve defendants Philips and Werlinger, and does not even mention the other defendants.

Rule 4(m) provides for dismissal of the complaint without prejudice as a sanction when a plaintiff fails to make proper service in a timely fashion. Because plaintiff did not file his complaint about events in January 2011 until January 2013, dismissal of his complaint without prejudice in December 2015 presents him with obvious statute of limitations issues. However, simply excusing plaintiff's failure to serve the defendants properly both originally and now, or repeatedly notifying plaintiff that his complaint is being dismissed for failure to serve the defendants properly and then allowing plaintiff to serve defendants by a process of trial and error until he gets it right simply writes Rule 4(m) out of existence, and in effect enlists the court as plaintiff's legal adviser.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has fourteen days to file written objections to this Report and Recommendation.

DATE: 3 February 2016

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Johnson Obiegbu
P.O. Box 340101
Jamaica, NY 11434

2